**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CLARENDON AMERICA INSURANCE
COMPANY,
       Plaintiff/Counter-Defendant,

                            Case No.: 8:05-cv-1662-T-17-TGW

vs.

BAYSIDE RESTAURANT, LLC d/b/a
RATTLEFISH RAWBAR & GRILL and
HOWARD CUSHMIN
       Defendants/Counter-Plaintiff.
_____/

**ORDER**

      This action is before the Court on Plaintiff/Counter-Defendant's, Clarendon America Insurance Company (Clarendon), Motion to Dismiss (Docket No. 13) Defendant/Counter-Plaintiff Howard Cushmin's (Cushmin), Counterclaim seeking Declaratory Judgment as to an actual controversy between Clarendon and Cushmin (Docket No. 11) and, Cushmin's Response to Plaintiff's Motion to Dismiss (Docket No. 18).

**DISCUSSION**

      This case is a Declaratory Judgment Action between Plaintiff, Clarendon, and Defendant, Rattlefish to determine the rights and obligations of Clarendon's defense and indemnity in the state court action between Rattlefish and Cushmin.  In the state court action, Cushmin is seeking damages for injuries sustained at Rattlefish Rawbar & Grill.  In this action, Defendant, Cushmin, seeks to interject himself into the proceedings before this Court through his counterclaim by binding himself to Defendant, Rattlefish in the outcome of this action. Defendant, Cushmin, is seeking a declaratory judgment to determine that an actual controversy exists between Clarendon and Rattlefish, and, therefore, an actual controversy exists between himself and Clarendon under 28 U.S.C 2201 and 28 U.S.C. 2202.

Case No.: 8:05-cv-1662-T-17-TGW

As this case is solely between the insurer, Clarendon, and the insured, Rattlefish, wherein Defendant, Cushmin, was in no way a party to any contractual obligations, he lacks the requisite standing to seek declaratory relief.

§627.4136(1), Florida Statutes, known as the "Non-Joinder" statute, provides:

> It shall be a condition precedent to the accrual or maintenance of a cause of action against a liability insurer by a person not an insured under the terms of the liability insurance contract that such persons shall first obtain settlement or verdict against a person who is an insured under the terms of such policy for a cause of action which is covered by such policy.

Defendant, Cushmin, argues that the legislative intent of §627.4136(1) is to ensure that the availability of insurance has no influence on the jury's determination of the insured's liability and damages and that allowing this counterclaim to stand would not influence the state court proceeding. While this may be true, the statute is clear on its face that a person not insured under the contract may not bring action against the liability insurer (Clarendon) until they attain a verdict against the insured (Rattlefish). Fla. Stat. §627.4136(1). The state court has not rendered a final judgment in the pending case between Cushmin and Rattlefish, therefore, Cushmin does not have standing to bring a claim against Clarendon.

Also, state law is in contravention of Cushmin's argument. The exact principle is stated in *Allstate Ins. Co. v. Stanley*, 282 F.Supp.2d 1342, wherein, the injured party filed an answer and counterclaim in a declaratory judgment action filed by Allstate. *Allstate*, 282 F.Supp.2d, at 1343. This Court dismissed the counterclaim pursuant to §627.4136(1), stating that "defendants cannot sue…for declaratory judgment until defendants have obtained a settlement or judgment in the underlying state court actions against…insureds." *Id.* at 1344. Cushmin is attempting an identical suit and the counterclaim is in violation of §627.4136(1). Accordingly, it is

Case No.: 8:05-cv-1662-T-17-TGW

**ORDERED**, that the Motion to Dismiss (Docket No. 13) be **GRANTED,** and that the Counterclaim (Docket No. 11) be **DISMISSED.**

**DONE and ORDERED** in Chambers, in Tampa, Florida, on the 23rd day of February, 2006.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

CC: All parties and counsel of record