**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CLARENDON AMERICA INSURANCE
COMPANY,
        Plaintiff/Counter-Defendant,

vs.                          Case No.: 8:05-cv-1662-T-17-TGW

BAYSIDE RESTAURANT, LLC d/b/a
RATTLEFISH RAWBAR & GRILL and
HOWARD CUSHMIN
        Defendants/Counter-Plaintiff.
_____/

## ORDER ON PLAINTIFF'S MOTION TO STRIKE AFFIDAVIT

This cause is before the Court pursuant to Plaintiff's, Clarendon America Insurance Company ("Clarendon"), Motion to Strike (Docket No. 49), filed July 7, 2006. Clarendon seeks to strike the affidavit (Docket No. 47) of Brian M. Farrell Sr. ("Farrell"). The Response in Opposition (Docket No. 55) was filed on July 31, 2006, by Defendants Bayside Restaurant, LLC. ("Bayside"), d/b/a Rattlefish Bar and Grill ("Rattlefish"), and Howard Cushmin ("Cushmin").

## BACKGROUND

Clarendon seeks declaratory relief against Defendants Bayside, Rattlefish, and Cushmin arising from an injury that Cushmin sustained while a patron at Rattlefish. Cushmin alleges that he fell down the stairs of a Rattlefish restaurant and sustained severe injuries as a result (Docket No. 28). Clarendon and Rattlefish entered into a legitimate insurance contract for general liability coverage to deal with incidents similar to the one that allegedly befell Cushmin (Docket No. 28). However, Clarendon seeks a judgment stating that it has no duty to indemnify or defend Rattlefish due to the fact that Rattlefish breached the "Representations and Warranties" portion of the contract, which dictates that Rattlefish's building must be in compliance with all federal, national, state, and local code requirements (Docket No. 28). Clarendon asserts that Rattlefish was not in

compliance with said codes due to the fact that the stairs – where the injury allegedly occurred – did not meet the code requirements prescribed by the insurance policy (Docket No. 28).

Farrell was retained by the Defendants to interpret and review the "Representations and Warranties" provision of the insurance policy and to present his findings to the Court; he interpreted the word "compliance" to be ambiguous (Docket No. 47). Clarendon, however, asserts that Farrell's affidavit is not proper for the Court to review as a matter of law and moves to strike the affidavit from the record (Docket No. 49).

## **DISCUSSION**

The sole issue facing this Court is a determination of whether or not Farrell's affidavit can properly be used as evidence to aid in the interpretation of the insurance policy between Clarendon and Rattlefish. At this juncture, the Court will not decide whether an ambiguity actually exists in reference to the word "compliance."

Under Florida law, the interpretation of an insurance policy – including whether or not a term is ambiguous – is to be decided as a matter of law by the Court. *Profitt v. OneBeacon Ins.*, 845 N.E.2d 715, 718 (Ill. App. 5th Dist. 2006); *Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d 1537, 1540 (11th Cir. 1990).

The relevance of an expert's testimony concerning interpretation of an insurance policy is seemingly skeptical. In *Templeton*, the court stated that "as the construction and interpretation of an insurance policy is a question of law, we fail to see the relevance of plaintiffs' expert witness." *William J. Templeton Co. v. Liberty Mutual Ins. Co.*, 735 N.E.2d 669, 679 (Ill. App. 1st Dist 2000). In *Templeton*, the plaintiffs wished to introduce deposition testimony of an expert who claimed that the term "malicious prosecution" meant something completely different than what the defendant thought it meant. *Id*. The court ruled against the plaintiffs on this issue, citing relevancy as one of the key factors going into its ruling. *Id*.

In *Dawe's*, a battle of the experts ensued on the issue of interpreting an insurance policy. *Dawe's Laboratories, N.V. v. Commercial Ins. Co. of Newark, N.J.*, 313 N.E.2d 218, 226 (Ill. App 1st Dist. 1974). The court noted that this "is simply an attempt to interpret the policy exclusion which is a matter solely within the province of courts and

judges." *Id*. The court then noted that any expert testimony on the interpretation of an insurance policy is "inadmissible and patently unacceptable." *Id*.

In conclusion, this Court agrees with *Templeton* and *Dawe's* and does not see the relevance of expert testimony concerning the issue of interpreting an insurance policy. Furthermore, this Court does not look to engage in a "battle of the experts" on an issue that is ultimately to be decided as a matter of law.  Accordingly, it is

**ORDERED**, that the Motion to Strike (Docket No. 49) be **GRANTED**; the Clerk of Court is **DIRECTED** to strike the affidavit (Docket No. 47) from this record. The affidavit of Brian Farrell will not be considered by the Court if and when it ultimately interprets the insurance policy.

**DONE and ORDERED** in Chambers, in Tampa, Florida, on the 25th day of September, 2006.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

CC: All parties and counsel of record