## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

CLARENDON AMERICA INSURANCE
COMPANY,
       Plaintiff/Counter-Defendant,

                              Case No.: 8:05-cv-1662-T-17-TGW

vs.

BAYSIDE RESTAURANT, LLC d/b/a
RATTLEFISH RAWBAR & GRILL and
HOWARD CUSHMIN
       Defendants/Counter-Plaintiff.
_____/

### ORDER ON PLAINTIFF'S MOTION FOR FINAL SUMMARY JUDGMENT

       This cause is before the Court pursuant to Plaintiff's, Clarendon America Insurance Company ("Clarendon"), Motion for Final Summary Judgment alleging that it has no duty to defend or indemnify policy holder (Docket No. 28), filed May 30, 2006. The Responses in Opposition (Docket Nos. 36-38 & 47 & 63) were filed by Defendants Bayside Restaurant, LLC. ("Bayside"), d/b/a Rattlefish Bar and Grill (collectively "Rattlefish"), and Howard Cushmin ("Cushmin"), and the Plaintiff was allowed to file a reply brief.

### BACKGROUND

       Clarendon seeks a final summary judgment order against Defendants Bayside, Rattlefish, and Cushmin arising from an injury that Cushmin sustained while a patron at Rattlefish. Cushmin alleges that he fell down the stairs of a Rattlefish restaurant and sustained severe injuries as a result. Clarendon and Rattlefish entered into a legitimate insurance contract for general liability coverage to deal with incidents similar to the one that allegedly befell Cushmin. However, Clarendon seeks a judgment stating that it has no duty to indemnify or defend Rattlefish due to the fact that Rattlefish breached the "Representations and Warranties" portion of the contract, which dictates that Rattlefish's building must be in compliance with all federal, national, state, and local code

requirements. Clarendon asserts that Rattlefish was not in compliance with said codes because the stairs where the injury allegedly occurred did not meet the code requirements prescribed by the insurance policy. The relevant portion of the insurance policy states the following:

> 3.  The insured premises, including but not limited to all buildings, structures, and parking lots, are *in compliance with all federal, national, state, and local codes and/or requirements* as respects, fire, life safety (including but not limited to: the National Fire Protection Life Safety Code Standard 101), building construction, and maintenance.

(emphasis added) (Docket No. 28). Whether these words contain ambiguities is the central issue raised by the parties involved.

## STANDARD OF REVIEW

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate if the court determines "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Fed. R. Civ. P. 56(c)). This determination is not based solely on the pleadings, but can be made if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, support the moving party's contention that no genuine issue of material fact exists. *Id*.

The non-moving party must come forward with evidence sufficient to establish the existence of the essential elements of that party's case, and for which that party will bear the burden of proof at trial. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). When determining whether the moving party has met its burden, the court accepts as true the non-movant's evidence, and all justifiable inferences are drawn in the non-movant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The question before this Court is not whether the undersigned thinks that the evidence obviously favors one side or the other, but rather whether a fair-minded jury could return a verdict for the non-moving party on the evidence presented. *Id*. At 252. Where the record, taken in its entirety, cannot lead a rational trier of fact to find for the non-moving party, there is no genuine issue to be resolved at trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

**DISCUSSION**

Clarendon seeks a judgment where it will have no duty to defend or indemnify Rattlefish, literally voiding the insurance policy between the parties. One way to arrive at that result is via an ambiguity (or lack thereof) argument. At the present time, this Court declines to answer the ambiguity question as to the insurance policy and the construction of its language, because it feels that the Florida Statutes should take precedent concerning the validity of the insurance policy. The rationale for this decision is due to the language of Florida Statute § 627.409(2):

> a "*breach* or violation by the insured of any warranty, condition, or provision of any...contract of insurance...*does not void the policy* or contract, or constitute a defense to a loss thereon, *unless such breach or violation increased the hazard*.

(emphases added). Objectively, one can easily ponder a wide-range of questions concerning the case at bar. For instance, was Mr. Cushmin drinking alcoholic beverages at this restaurant/bar? Were the stairs – which were allegedly not in compliance by less than one inch – the sole reason for the unfortunate accident? Did Mr. Cushmin trip and fall over a portion of the stairs that was in direct violation of code requirements? Were there other causes that the parties did not mention that led to this tragic event? These questions will lead to this query: **Did the alleged breach increase the hazard pursuant to F.S. § 627.409(2)?**

This Court necessitates that this last question be accurately answered in order to further these proceedings. Since there are many disputed facts as to this line of inquiry, and because the facts that led to Mr. Cushman's accident have not yet been established, this Court cannot, as a matter of law, void the insurance policy between Clarendon and Bayside. This holds true regardless of supposed ambiguities in the policy language.

Further, any law or precedent to the contrary of this Florida statute – whether in Florida or Illinois – would contravene public policy, allowing insurance companies a grant of summary judgment for the most deminimus of alleged breaches of an insurance policy. This would leave many an insured customer stranded without coverage in their time of need. Furthermore, as the Respondents adequately pointed out, "The result could be absurd – coverage on a ground-floor slip-and-fall case might be denied because of inadequate lighting near a second-floor exit." (Docket No. 38). This hypothetical

situation may well result because coverage would then be deemed illusory due to mere *alleged* technicalities.

Therefore, the Court cannot proceed to determine if the Plaintiff is required to indemnify the policyholders but it can say that, at this juncture, the Plaintif has the duty to defend the policyholders against the claims of Mr. Cushmin. The Court will administratively close this case to allow the underlying action to conclude. The parties may then reopen this case if necessary to determine the indemnificaiton issues. Accordingly, it is

**ORDERED**, that Plaintiff's Motion for Final Summary Judgment (Docket No. 28) be **DENIED**; the Clerk of Court is **DIRECTED** to **ADMINISTRATIVELY CLOSE** this case and to terminate all pending motions, including Docket Nos. 31, 79, and 80, with leave to re-file if and when the time is judicially appropriate.

Furthermore, it **GRANTS**, *sua sponte*, summary judgment compelling Clarendon to defend Rattlefish in the instant action. In accordance with Florida Statute § 627.409(2), this Court will not rule on the indemnification issue until a further rendering of the facts is presented. Additionally, any issue concerning the ambiguities of the policy between Clarendon and Rattlefish may be addressed at that juncture as well.

**DONE and ORDERED** in Chambers, in Tampa, Florida, on the 16th day of November, 2006.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record